**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christopher Sebastian, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Seterus, Inc., | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |

For this Complaint, Plaintiff, Christopher Sebastian, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Christopher Sebastian ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Seterus, Inc.  ("Seterus"), is a business entity located in Research Triangle Park, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5.     In or around September 2015, Seterus began calling Plaintiff's cellular telephone, number 718-XXX-1376, from telephone number 866-570-5277 using an automatic telephone

dialing system ("ATDS").

6.     When Plaintiff answered calls from Seterus, he heard silence before he was connected to a live representative.

7.     Plaintiff never provided his cellular telephone number to Seterus and never provided his consent to receive automated calls from Seterus.

8.     When Plaintiff spoke with Seterus, he was told that Seterus was calling for Plaintiff's mother.

9.     Plaintiff told Seterus that his mother could not be reached at his cellular telephone number and requested that Seterus cease calling him.

10.    Nevertheless, Seterus continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TCPA –**
**47 U.S.C. § 227, *et seq*.**

11.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.    At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that

2

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14.     Defendant's telephone system(s) have some earmarks of a predictive dialer. When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect him to the next available representative.

15.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1.   Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.   Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 4, 2016

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

4